UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x

RAFAEL CARRERA

                            Plaintiff,   **COMPLAINT AND**
                                        **JURY DEMAND**

       -against-

THE CITY OF NEW YORK, DEPARTMENT OF
CORRECTION COMMISSIONER MARTIN F.
HORN, ARDC WARDEN PETER CURCIO, CAPTAIN
SINGLETARY, CORRECTION OFFICER MCDONALD
SHIELD #1654

                            Defendants.

------------------------------------------------------------- x

## PRELIMINARY STATEMENT

1.  This is a civil rights action in which plaintiff seeks relief for the violation of his rights secured by 42 USC §§1983, 1988, Eighth and the Fourteenth Amendment to the United States Constitution and the laws and Constitution of the State of New York.

2.  The claim arises from a December 30, 2005 incident in which Officers of the New York City Department of Correction ("DOC") acting under color of state law, intentionally and willfully subjected plaintiff to, among other things, excessive force, assault, and battery.

3.  Plaintiff seeks monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4.  This action is brought pursuant to 28 USC §1331 and 42 USC §1983. Pendent party jurisdiction and supplementary jurisdiction over plaintiffs' state law claims are asserted.

5. The amount in controversy exceeds $75,000.00 excluding interest and costs.

6. Venue is laid within the United States District Court for the Southern District of New York in that Defendant City of New York is located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Southern District of New York.

## PARTIES

7. Plaintiff is a citizen of the United States and at all times here relevant resided in New York County, City and State of New York. At the time of the beatings that give rise to this action, Carrera was awaiting transfer to New York State Department of Correctional Services at the Adolescent Reception and Detention Center ("ARDC").

8. The City of New York is a municipal corporation organized under the laws of the State of New York.

9. New York Department of Correction Commissioner Martin Horn ("Horn") was at all times here relevant the Commissioner of the New York City Department of Correction, and, as such, was a policy maker with respect to training, supervision, and discipline of DOC officers, including the other individual defendants. On information and belief, defendant Horn, as Commissioner of DOC, was responsible for the policy, practice, supervision, implementation, and conduct of all DOC matters and was responsible for the appointment, training, supervision, and conduct of all DOC personnel, including the defendants referenced herein. As Commissioner, defendant Horn is also responsible for the care, custody, and control of all inmates housed in the Department's jails. As Commissioner, Horn was provided on a daily basis with reports of applications of force, allegations of unreported use of force, and other breaches of security in the Department jails. In addition, at all relevant times, defendant Horn was

responsible for enforcing the rules of the DOC, and for ensuring that DOC personnel obey the laws of the United States and of the State of New York. Horn is sued in his individual and official capacities.

10. At all times relevant hereto, Peter Curcio was the Warden of ARDC. As Warden, his responsibilities included supervision of correction officers, captains, and other supervisors with respect to the care, custody and control of prisoners confined in the jail. These responsibilities are required to be carried out in a manner consistent with the legal mandates that govern the operation of DOC and its jails, including the Department directives and orders governing the use of force and the reporting of use of force and the Board of Correction Minimum Standards. As Warden, defendant is provided on a daily basis with all reports of use of force, allegations of use of force, and other violent incidents in his jail. Defendant Warden is sued in his individual capacity.

11. All others individual defendants ("the officers") are employees of the DOC, and are sued in their individual capacities.

12. At all times here mentioned defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## FACTUAL ALLEGATIONS

13. On December 30, 2005, at ARDC, Upper South Side (6), between 9:30 and 10:00 A.M., plaintiff was assaulted and battered.

14. Defendant Captain was present but failed to intervene during the assault.

15. The officer used excessive force against plaintiff without any justifiable penal purpose.

16. Plaintiff was sent to Elmhurst Hospital where he was given a cat scan, treated for a

broken nose, swelling and vision impairment.

17. The Inspector General's office took a statement from plaintiff regarding the incident.

18. At all times during the events described above, the corrections officers were engaged in a joint venture. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events. They failed to intervene in the obviously illegal actions of their fellow officers against plaintiff.

19. During all of the events above described, defendants acted maliciously and with intent to injure plaintiff.

20. As a direct and proximate result of the acts of defendants, plaintiff suffered the following injuries and damages:

   a. Violation of his right to not be treated with cruel and unusual punishments pursuant to the Eighth Amendment to the United Stated Constitution;

   b. Physical pain and suffering;

   c. Emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety;

   d. Loss of liberty;

   e. Attorney's and court fees.

## FIRST CAUSE OF ACTION
(42 USC § 1983)

21. The above paragraphs are here incorporated by reference.

22. Defendants have deprived plaintiff of his civil, constitutional and statutory rights under color of law and have conspired to deprive him of such rights and are liable to plaintiff under 42 USC § 1983.

4

23. Defendants' conduct deprived plaintiff of his right to not be subjected to cruel and unusual punishment, pursuant to the Eighth Amendment of the United States Constitution.

24. Plaintiff has been damaged as a result of defendants' wrongful acts.

## SECOND CAUSE OF ACTION
### (MUNICIPAL AND SUPERVISORY LIABILITY)

25. The above paragraphs are here incorporated by reference.

26. The City, the Commissioner and the Warden are liable for the damages suffered by plaintiff as a result of the conduct of their employees, agents, and servants.

27. The City, the Commissioner and the Warden knew or should have known of their employees', agents', or servants' propensity to engage in the illegal and wrongful acts detailed above.

28. The aforesaid event was not an isolated incident. The City, the Commissioner and the Warden have been aware for some time (from lawsuits, notices of claim and inmate complaints) that many of their officers are insufficiently trained on how to avoid excessive use of force. The City, the Commissioner and the Warden insufficiently discipline officers for not reporting fellow officers' misconduct that they have observed, and they fail to discipline officers for making false statements to disciplinary agencies. The investigatory body responsible for monitoring officer behavior, the Inspector General's office, also wrongfully allows officers to write their own reports, rather than interviewing officers individually, although that is standard procedure for reviewing inmate statements. In addition, the Inspector General routinely fails to investigate claims of violence or abuse when the person suffering does not initiate the claim. The City, the Commissioner and the Warden are aware that all of the aforementioned has resulted in violations of citizens' constitutional rights. Despite such notice, the City has failed to take corrective action. This failure and these policies caused the officers in the present case to violate plaintiff's

civil and constitutional rights, without fear of reprisal.

29. The City, the Commissioner and the Warden knew or should have known that the officers who caused plaintiff's injury had a propensity for the type of conduct that took place in this case. Nevertheless, the City, the Commissioner and the Warden failed to take corrective action. Without proper supervision not only is this abusive behavior ignored, it is condoned.

30. The City, the Commissioner and the Warden have failed to take the steps to discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual defendants in this and in similar cases involving misconduct.

31. The above described policies and customs demonstrated a deliberate indifference on the part of policymakers of The City, the Commissioner and the Warden to the constitutional rights of persons within New York City, and were the cause of the violations of plaintiff's rights here alleged.

32. Defendants the City, the Commissioner and the Warden have damaged plaintiff by their failure to properly train, supervise, discipline, review, remove, or correct the illegal and improper acts of their employees, agents or servants in this and in similar cases involving officer misconduct.

33. Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the the City, the Commissioner and the Warden.

### THIRD CAUSE OF ACTION
(CONSPIRACY)

34. The above paragraphs are here incorporated by reference.

35. Defendant captain and correction officer made an agreement while plaintiff was being treated in the hospital to attempt to cover up the assault, battery and excessive force against plaintiff.

6

36. Defendant captain took action towards the furtherance of this agreement by threatening plaintiff with prosecution in order to solicit a statement from him exonerating defendant officers.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, as follows:

A. In favor of plaintiff in an amount to be determined by a jury for each of plaintiff's causes of action;

B. Awarding plaintiff punitive damages in an amount to be determined by a jury;

C. Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action; and

D. Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED:   Brooklyn, New York
         July 31, 2008

TO:   New York City
      Corporation Counsel Office
      100 Church Street, 4th floor
      New York, NY  10007

      Department of Correction Commissioner
      Martin Horn
      60 Hudson Street
      New York, NY 10013

Yours, etc.,

By: Leo Glickman (LG3644)

Stoll, Glickman & Bellina, LLP
Attorneys for Plaintiff
71 Nevins Street
Brooklyn, NY  11217
(718) 852-0507


Warden Peter Curcio
ARDC
60 Hudson Street
New York, NY 10013

Captain Singletary
ARDC
11-11 Hazen St.
East Elmhurst NY 11370

Correction Officer McDonald Shield #1654
ARDC
11-11 Hazen St.
East Elmhurst NY 11370

lglickman@stollglickman.com

8